

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516) 334-4500  FAX (516) 334-4501  WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

August 6, 2018

**Via ECF**
Hon. Sidney H. Stein
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Nachshen v. TBB Tavern Corp., et al.*
        Docket No. 17-CV-04868 (SHS)

Your Honor:

  This firm represents all Defendants. We write in response to Plaintiff's August 2, 2018 letter seeking (1) to preclude Defendants' disclosures; or (2) for a brief extension of discovery. The Court should deny Plaintiff's request to preclude. Plaintiff seeks to preclude disclosures not because of any articulated prejudice - there is none - but because the documents at issue demonstrate, *inter alia*, he lacked a good faith basis to commence this case.

  In his Fed. R. Civ. P. Rule 26 Initial Disclosures, Plaintiff stated he may rely on documents filed with New York City, but failed to identify or provide those documents. A copy of Plaintiff's initial disclosures is attached as Exhibit A. In spite of Defendants' discovery demands, Plaintiff produced and identified nothing. After attempts at resolving this matter failed, defense counsel, after conducting a search of City records, learned the City granted an accessibility waiver for the premises at issue. Plaintiff neither mention nor produced these documents, which fall within the category of documents identified in his initial disclosures.

  In other words, Plaintiff conveniently omitted the fact that he seeks to preclude documents identified within his own initial disclosures, which he never produced.

  Defendants take no position on Plaintiff's request to conduct additional discovery. Defendants, however, oppose Plaintiff's request for fee shifting and/or costs associated with this motion or the costs to take additional discovery. The Court should deny that portion of Plaintiff's request if it entertains the request for extension of discovery. Defendants join with Plaintiff's request to briefly adjourn the briefing schedule on the motion for summary judgment.

 A. <u>Defendants Disclosure of Waiver Documents Received from New York City</u>

  In his initial disclosures, Plaintiff stated he "may rely on documents that were publicly filed with governmental agencies by the defendants or on their behalf." (Ex. A, p. 2.) Defendants served Plaintiff with interrogatories and document requests, *inter alia*, requesting additional information about the documents referenced in his initial disclosures. (Ex. B and C.)

Hon. Sidney H. Stein
August 6, 2018
Page 2 of 3

In his interrogatory responses, Plaintiff cryptically stated his disclosures referred to "documents relating to the premises at 302 West 51 Street in Manhattan filed with the New York City Department of Buildings (including but not limited to Job Nos.: 102659892 and 102828497); New York City Department of Finance; and New York City Department of Transportation." (Ex. B, p. 6 (Interrogatory No. 13).) Plaintiff provided no additional details and produced nothing relating to this request or his disclosures. (Ex. B and C.)

Approximately a week after the July 9th court conference, settlement discussions reached an impasse and it became apparent the case was going to proceed. At the conference, when confronted by defendants' intention to move for summary judgment, especially on the exterior access issue, plaintiff raised an issue with interior access. Left with Plaintiff's vague disclosures and interrogatory response on the issue raised, defense counsel sought records from New York City Department of Buildings pertaining to the premises at issue.

Unlike a simple FOIL request, Department of Building records were difficult to obtain, requiring first a request for the Department's record which it maintains on microfiche. Here, it took approximately ten days to get the microfiche. After locating a specific document, a second request had to be made for a copy of the document at issue. On July 26, 2018, during the review of the Department's records, we found, among other things, documents showing the City waived accessibility requirements to the upper floor of the restaurant. (Ex. D.) Defense counsel had no knowledge of the document prior to the search. The next day, Defendants produced, among other documents found during their review, the waiver documents.

On August 1, 2018, the parties had a meet and confer. Plaintiff's counsel indicated that he had no problem with the majority of the production - his central concern were the two pages regarding waiver and the new witnesses. Defense counsel explained the circumstances relating to the discovery of the new documents and that the new witnesses were identified in case Plaintiff challenged the authenticity and/or admissibility of the waiver documents.

B. There is No Basis for Sanctions

Plaintiff does not show actionable discovery violation. *Pall Corp.*, 279 F.R.D. 209, 212–13 (E.D.N.Y. 2011) (moving party bears the burden of proving a disclosure violation). Plaintiff's letter does not cite any specific request Defendants failed to comply with and tellingly does not claim Defendants had the documents but failed to produce them. Instead, he impermissibly seeks sanctions because Defendants provided him with recently discovered documents he identified but did not produce.

None of Plaintiff's cited cases are on point, pertaining instead to the failure to provide and/or preserve documents the party had in its possession. *Merck Eprova AG*, 2010 WL 1631519, at *2 (failed to issue litigation hold and deleted responsive documents); *Richard Green (Fine Paintings)*, 262 F.R.D. 284, 286 (issuing sanctions due to spoliation). Plaintiff's claims of "sandbagging" have no merit. Ironically, Plaintiff sandbagged Defendants by not providing or specifically identifying the documents referenced in his initial disclosures. Nonetheless, we offered to make the defendants' principals available for depositions rather than resort to motion practice.

### C. The Circumstances Do Not Warrant the Extreme Sanction of Preclusion

Even if Plaintiff could identify a discovery violation, their motion should be denied. Courts reserve preclusion of evidence for extreme circumstances where the disclosure prejudices the non-disclosing party, something Plaintiff's letter does not even address. *Russo*, 856 F. Supp. 2d 437, 453 (E.D.N.Y. 2012) (preclusion "reserved for extreme cases"); *see also Pall Corp.*, 279 F.R.D. 209, 213 (E.D.N.Y. 2011) (discovery failure results in prejudice). Generally, courts disfavor preclusion, preferring to resolve cases on the merits. *Funnekotter*, 2014 WL 4630020, at *5 (S.D.N.Y. Sept. 11, 2014) ("The Second Circuit has expressed a preference for 'resolving disputes on the merits,'"); *Titan Indus. Corp.*, 1995 WL 438843, at *3 (S.D.N.Y. July 25, 1995) (denying preclusion where it will "interfere with overriding policy of deciding cases on their merits.").

Before granting a motion pursuant to Rule 37, the Court must evaluate four factors: (1) disclosing party's explanation; (2) importance of the disclosure; (3) prejudice to moving party; and (4) possibility of continuance. *Charles*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015). The balance of these factors weighs in defendants' favor. Prior to July 26th, defendants did not have, much less know about, the waiver documents they produced. Defendants produced them immediately. Notably, this is the same Plaintiff who was permitted to identify an additional expert witness just days before the prior discovery deadline and failed to provide any reason for the delay. The documents at issue are important to the issues in this case, calling into question a number of Plaintiff's affirmative allegations. Plaintiff suffers no prejudice from the new production. Tellingly, plaintiff says nothing about prejudice in his letter.

Simply because the documents are not favorable to Plaintiff does not mean he suffers prejudice. He suffers no prejudice by not having the opportunity to question Defendants about them. The last factor (possibility of a continuance) rests within the Court's discretion.

The documents at issue further call into question the efficacy of plaintiff's representations made in this case. One of the cases cited by counsel is directly on point: "A baseless factual contention poses a greater threat to justice than a baseless legal contention. The evidentiary foundation upon which an attorney rests his assertions of fact is, for the most part, exclusively within the control of the attorney and his client. In order to function, the court must repose trust in the attorneys who come before it to make factual representations supported by evidence." *In re Sept. 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 124 (S.D.N.Y. 2007). The waiver documents call into question, what if any, factual basis plaintiff had to support his allegations and responses to discovery. Thank you for your consideration of this matter.

                    Respectfully submitted,
                    SOKOLOFF STERN LLP

                    Adam I. Kleinberg

cc:    All counsel of record (via ECF)